UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ELIZABETH LYNCH, SIMON LYNCH, ERIC LYNCH,
INFANTS, UNDER THE AGE OF 14, BY THEIR
MOTHER AND NATURAL GUARDIAN JESSICA
LYNCH AND JESSICA LYNCH INDIVIDUALLY
AND RICHARDO LYNCH

                    Plaintiffs,

    -against-


CITY OF MOUNT VERNON, THE MOUNT
VERNON
POLICE DEPARTMENT AND POLICE
OFFICERS
"JOHN DOE", "RICHARD ROE", FICTITIOUS
NAMES,
TRUE NAMES UNKNOWN ,

                    Defendants.

**08-cv-00080**
**08-cv-00083**
**JUDGE WILLIAM C. CONNER**
**NOTICE OF MOTION**

------------------------------------------------------------------------x
------------------------------------------------------------------------x

ROSLEE HAMILTON, an infant under the age
of 14 years By her father and natural
guardian FABIAN McCALLA and FABIAN McCALLA,


                 Plaintiffs,


    -against-

CITY OF MOUNT VERNON, THE MOUNT VERNON
POLICE DEPARTMENT AND POLICE OFFICERS
"JOHN DOE", "RICHARD ROE", FICTITIOUS NAMES,
TRUE NAMES UNKNOWN ,

                  Defendants.

------------------------------------------------------------------x

       PLEASE TAKE NOTICE that upon the Complaints and Answers collectively annexed

hereto as Exhibit A and the supporting Memorandum of Law filed herewith, Defendants CITY

OF MOUNT VERNON, THE MOUNT VERNON POLICE DEPARTMENT AND POLICE

OFFICERS "JOHN DOE", "RICHARD ROE", FICTITIOUS NAMES, TRU NAMES

UNKNOWN, will, pursuant to Rule 12(c) or in the alternative pursuant to Rule 56 of the

Federal Rules of Civil Procedure, move this Court at a date and time to be determined by the

Court, at the United States Courthouse for the Southern District of New York, 300 Quarropas

Street, White Plains, New York before the Honorable JUDGE WILLIAM C. CONNER, United

States District Judge, for an Order granting Defendants' motion for judgment on the pleadings,

qualified immunity and alternatively summary judgment, dismissing this civil action in its

entirety.

Dated:    March 21, 2008
          Mount Vernon, New York

                              HELEN M. BLACKWOOD, ESQ.
                              CORPORATION COUNSEL

                         By:  _____
                              Nichelle A. Johnson (7688)

                              CITY HALL
                              1 Roosevelt Square
                              Mount Vernon, New York 10550
                              (914) 665-2366

                              Attorneys for Defendants

**EXHIBIT "A"**
**DOCKET NO. 08CV00080**
**ELIZABETH LYNCH**
**SUMMONS AND VERIFIED COMPLAINT**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-------------------------------------------------------------------X

ELIZABETH LYNCH, SIMON LYNCH, ERIC LYNCH,
Infants, under the age of 14, by their mother and natural
guardian JESSICA LYNCH and JESSICA LYNCH
Individually and RICARDO LYNCH,

Plaintiff(s),

-against-

CITY OF MOUNT VERNON , THE MOUNT VERNON
POLICE DEPARTMENT and POLICE OFFICERS
"JOHN DOE", "RICHARD ROE", fictitious names, true
names unknown,

Defendant(s).

-------------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

Plaintiffs, by their attorneys, **DELL & LITTLE, LLP**, complaining of the Defendants,

respectfully alleges, upon information and belief, as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1.     At all times herein mentioned, Plaintiffs were, at the time of the incident, residents

of the County of Westchester, State of New York.

2.     That on December 15, 2006, and at all times mentioned herein, Defendant **CITY OF**

**MOUNT VERNON** was and is a municipal corporation duly organized and existing under and by

virtue of the laws of the City and State of New York.

3.     That on December 15, 2006, and at all times mentioned herein, Defendant **CITY**

**OF MOUNT VERNON POLICE DEPARTMENT** was and is a municipal corporation or other legal entity duly organized and existing under and by virtue of the General Municipal Laws of the City and State of New York.

4.      That prior hereto, on January 10, 2007, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiffs' demands for adjustment thereof was duly served on the Plaintiffs' behalf on the Defendants and that thereafter said Defendants refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

5.      That pursuant to General Municipal Law 50(h), a hearing has not been held.

6.      That this action is being commenced within one year and ninety days after accrual of this cause of action, or within the time allowed by law.

7      That on December 15, 2006, and at all times mentioned herein, there existed a premises located at 58 South 14th Avenue, Mt. Vernon, County of Westchester, State of New York, wherein the Plaintiffs resided.

8.      That on, December 15, 2006 and at all times mentioned herein, Defendant **CITY OF MOUNT VERNON POLICE DEPARTMENT** was acting as an agent of the **CITY OF MOUNT VERNON.**

9.      That on, December 15, 2006 the Plaintiffs **ELIZABETH LYNCH, SIMON LYNCH, ERIC LYNCH,** Infants, **JESSICA LYNCH** and **RICARDO LYNCH,**  were lawfully present in their residence at the aforementioned premises.

2

10.     That on December 15, 2006, while Plaintiffs were lawfully present at the aforesaid location, they was caused to be severely injured and traumatized when members of the **CITY OF MOUNT VERNON POLICE DEPARTMENT** physically assaulted, racially discriminated against, falsely arrested and detained Plaintiffs after breaking down their apartment doors and ransacking their residence.

11.     At all times hereinafter mentioned, Defendants, were under the duty to train, supervise, control and employ their employees in a reasonably prudent and careful manner and that the Defendants had a duty to protect and keep safe all persons and the defendants breached that duty by participating and assisting in the negligent, reckless, careless and intentional, harmful, offensive contact with the person of the Plaintiffs; in assaulting, racially discriminated against  and  falsely arresting and detaining Plaintiffs, in failing to prevent the activities that caused Plaintiffs to be assaulted, arrested and detained; and in participating and assisting in the negligent, reckless, careless and intentional, harmful, offensive contact with the persons of the Plaintiffs and their place of residence.

12.     That the incidents and damages alleged in this action resulted from the negligence and carelessness of the Defendants, in the training, supervision,  and management of the police officers under their control at the time of the incident.

13.     That the aforementioned incident was wrongful, unjustifiable and unlawful and without any fault or negligence on the part of the Plaintiffs.

14.     That as a result of the foregoing, Plaintiffs were caused serious and catastrophic personal and traumatic injuries and have been otherwise injured.

15.     That the aforesaid occurrence, and the results thereof, were in no way caused by

any carelessness or negligence on the part of the Plaintiffs, but were due solely and wholly to the joint, several and/or concurrent negligence of the Defendants, their agents, servants, employees and/or licensees in wrongfully and unlawfully causing, allowing and/or permitting said assault on the Plaintiffs; and in being otherwise careless, reckless and negligent.

16.     That Defendants were careless, reckless and grossly negligent in the operation, management, maintenance, supervision, use and control of the aforesaid police officer and the Defendants were otherwise negligent, careless, reckless, negligent and grossly negligent in the premises.

17.     That as a result of the foregoing, the Plaintiffs were caused to sustain severe and permanent injuries, have suffered and will continue to suffer great pain, shock, trauma and mental anguish, have incurred, and will continue to incur, expenses for medical care and treatment, and was, and will continue to be, unable to attend to their normal duties and pursuits with a resultant loss thereby.

18.     By reason of the foregoing, Plaintiff have been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein.

## AS AND FOR A SECOND CAUSE OF ACTION
## AS TO 42 U.S.C. §1983 CONSPIRACY

19.     Paragraphs 1 through 18 are incorporated by reference as through fully set forth.

20.     The individual Defendants, under color of law, conspired with each other, reached a mutual understanding, and acted to undertake a course of conduct to injure, oppress, threaten and intimidate Plaintiffs in the free exercise and enjoyment of the rights and privileges and equal

4

protection of the law secured to them by the Constitution, including the rights: to be free from the intentional use of unreasonable force; to be free from cruel and unusual punishment as one in the custody of the Defendants; to have access to and seek redress in the Courts; and to be free from the delay and denial of medical attention; to be free from unnecessary and wanton infliction of pain; and to not be deprived of life without due process of law.

21.     It was part of the conspiracy that the Defendant **CITY OF MOUNT VERNON** aided by the Defendant, **CITY OF MOUNT VERNON POLICE DEPARTMENT**, did, among other acts, physically abuse the Plaintiffs, causing serious, traumatic injuries.

22.     As a direct and proximate result, Plaintiffs suffered the traumatic injuries and damages described above.

### AS AND FOR A THIRD CAUSE OF ACTION AS TO 42 U.S.C. §1983 UNREASONABLE & EXCESSIVE FORCE & CRUEL & UNUSUAL PUNISHMENT

23.     Paragraphs 1 through 22 are incorporated by reference as through fully set forth.

24.     By their conduct, Defendants' deputies and non-uniform personnel and supervisory personnel, under color of law, deprived Plaintiffs of their constitutional right to be free from excessive and unreasonable force.

25.     By their conduct and under color of law, Defendants' deputies and non-uniform personnel and supervisory and supervisory personnel, deprived Plaintiffs of their constitutional right to be free from cruel and unusual punishment as persons in their custody.

26.     As a direct and proximate result, Plaintiffs suffered the traumatic injuries and

5

damages described above.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AS TO 42 U.S.C. §1983 FIRST, FOURTH, FIFTH, NINTH, FOURTEENTH
## AMENDMENTS & PRIVACY VIOLATIONS

27.    Paragraphs 1 through 26 are incorporated by reference as through fully set forth.

28.    By their conduct and under color of law, Defendants' deputies and non-uniform personnel and supervisory and supervisory personnel, deprived Plaintiffs of their First, Amendment right to have access to and seek redress in the courts.

29.    The Defendants' conduct interfered with the federally protected liberty and privacy interest of the Plaintiffs to maintain a stable family relationship free of intervention from the State.

30.    As a direct and proximate result, Plaintiffs suffered the traumatic injuries and damages described above.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AS TO 42 U.S.C. §1983 - MONELL CLAIM

31.    Paragraphs 1 through 30 are incorporated by reference as through fully set forth.

32.    Prior to December 15, 2006, Defendants, **CITY OF MOUNT VERNON POLICE DEPARTMENT** and **CITY OF MOUNT VERNON**, developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of Plaintiffs' rights.

33.    Prior to December 15, 2006, Defendants, **CITY OF MOUNT VERNON POLICE**

6

DEPARTMENT and **CITY OF MOUNT VERNON**, maintained polices and procedures that encouraged the practice of using excessive force.

34.    The Defendants, **CITY OF MOUNT VERNON POLICE DEPARTMENT** and **CITY OF MOUNT VERNON**, have been deliberately indifferent to the need for more or different training, rules and regulations to prevent the use of excessive force.

35.    Acts of excessive force against Plaintiffs in Defendants' care and custody were tolerated by the Defendants who substantially failed to investigate, deliberate and discipline appropriately personnel who engaged in such conduct.

36.    The Defendants, prior to and at the time of this incident, were aware of the need for more or different training, rules, regulations, investigation and discipline relating to Defendants' deputies and non-uniform personnel and supervisors.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AS TO PENDENT CLAIM FOR GROSS NEGLIGENCE & NEGLIGENCE

37.    Paragraphs 1 through 36 are incorporated by reference as through fully set forth.

38.    By reason of the foregoing, Defendants are liable to Plaintiffs for negligent and grossly negligent screening, hiring, training, discipline and retention of Defendants' deputies and non-uniform personnel and supervisory personnel.

39.    As a consequence, Plaintiffs suffered damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AS TO PENDENT CLAIMS OF INTENTIONAL & NEGLIGENT
## INFLICTION OF EMOTIONAL DISTRESS

40.    Paragraphs 1 through 39 are incorporated by reference as through fully set forth.

41.    By causing Plaintiffs to suffer severe and serious physical and mental injuries, Defendants' deputies and non-uniform personnel and supervisory personnel, embarked on a malicious, willful and grossly negligent course of conduct intended to cause Plaintiffs to suffer extreme mental and emotional distress, agony and anxiety.

42.    The aforesaid acts of intentional and reckless infliction of emotional and mental distress by Defendants constitute misconduct of an egregious nature that exceeds all bounds usually tolerated by a civilized society.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## AS TO PENDENT CLAIM OF PRIMA FACIE TORT

43.    Paragraphs 1 through 42 are incorporated by reference as through fully set forth.

44.    By their actions, et forth above, Defendants' deputies and non-uniform personnel and supervisory personnel, inflicted harm upon Plaintiffs without excuse or justification, out of disinterested malevolence.

WHEREFORE, Plaintiffs pray for judgment against the defendants on all Causes of Action in amounts which exceed the jurisdictional limits of all lower courts which would otherwise have

8

jurisdiction herein, together with the costs and disbursements of this action.

Dated: Uniondale, New York
    12 - 5 -   , 2007

Yours, etc.,

DELL & LITTLE, LLP
Attorneys for Plaintiff(s)
By: _____
JOSEPH G. DELL
1274 RexCorp Plaza
Uniondale, NY 11556
(516) 294-5814

## ATTORNEY'S VERIFICATION

**JOSEPH G. DELL**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at **DELL & LITTLE, LLP**, attorneys of record for Plaintiff(s),

I have read the annexed

### COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff(s) is that Plaintiff(s) is/are not presently in the county wherein the attorneys for the plaintiff(s) maintain their offices.

DATED:        Uniondale, NY
                      12- 5 -           , 2007


_____
JOSEPH G. DELL

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

ELIZABETH LYNCH, ERIC LYNCH, and SIMON
LYNCH, infants under the age of 14 years by their
mother and natural guardian, JESSICA LYNCH,
JESSICA LYNCH and RICARDO LYNCH ,

                    Plaintiffs,

        - against -

CITY OF MOUNT VERNON , THE MOUNT VERNON
POLICE DEPARTMENT and POLICE OFFICERS
"JOHN DOE", "RICHARD ROE", fictitious names, true names unknown,

            Defendant(s).

---

### SUMMONS & COMPLAINT

---

## DELL & LITTLE, LLP
*Attorneys for Plaintiff(s)*
**1274 RexCorp Plaza**
**Uniondale, New York 11556**
**(516) 294-5814**

---

TO:

**ANSWER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ELIZABETH LYNCH, SIMON LYNCH, ERIC LYNCH
INFANTS, UNDER THE AGE OF 14, BY THEIR MOTHER
AND NATURAL GUARDIAN JESSICA LYNCH AND JESSICA
LYNCH INDIVIDUALLY AND RICARDO LYNCH,
                             Plaintiff(s),              Index No. 08-CIV-00080

    -against-                                  <u>ANSWER</u>

CITY OF MOUNT VERNON, THE MOUNT VERNON    (WCC)
POLICE DEPARTMENT and POLICE OFFICERS
"JOHN DOE", "RICHARD ROE", fictitious names, true
names unknown,
                           Defendant(s).
-----------------------------------------------------------------X

      Defendants, by the Office of the Corporation Counsel, HELEN M.

BLACKWOOD answering the Complaint of Plaintiff alleges, upon information and

belief:

<u><strong>AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION</strong></u>

    1.    Denies knowledge or information sufficient to form a belief as to the truth

of each and every allegation contained in paragraph number "1" of the Complaint.

    2.    Admits the allegations contained in paragraphs numbered "2", "3",

    3.    Denies the truth of each and every allegation contained in paragraphs "4",

"5" and "6" of the Complaint except admits that a document purporting to be a notice of

claim was filed with the City and that the City has not made any adjustment to the

Plaintiff and states that at this time the 50-H has not been completed but has been

duly requested.

    4.    Denies the truth of each and every allegation contained in paragraph

number "7" and "9" of the Complaint except admits that there was a premises within

the City of Mount Vernon located at 58 South 14th Avenue and that Plaintiffs were present there on December 15, 2006.

5.    Denies the truth of each and every allegation contained in paragraph number "8" of the Complaint and refers all questions of law to the Court.

6.    Denies the truth of each and every allegation contained in paragraphs numbered "10, "11","12","13", "14", "15", "16", "17" and "18" of the Complaint.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

7.    Answering paragraph  number "19" of plaintiff's Verified Complaint, Defendants repeats, reiterates and realleges each and every denial and admission contained in paragraphs numbered "1" through "6" with the same force and effect as if fully set forth at length herein.

8.    Denies the truth of each and every allegation contained in paragraphs numbered "20", "21" and "22" of the Complaint.

### AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

9.    Answering paragraph  number "23" of plaintiff's Verified Complaint, Defendants repeats, reiterates and realleges each and every denial and admission contained in paragraphs numbered "1" through "6" with the same force and effect as if fully set forth at length herein.

10.   Denies the truth of each and every allegation contained in paragraphs numbered "24", "25" and "26" of the Complaint.

### AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

11.   Answering paragraph number "27" of plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial and admission

contained in paragraphs "1" through "8" with the same force and effect as if fully set forth at length herein.

12.   Denies the truth of each and every allegation contained in paragraphs numbered "28", "29" and "30" of the Complaint.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

13.   Answering paragraph number "31" of plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial and admission contained in paragraphs "1" through "10" with the same force and effect as if fully set forth at length herein.

14.   Denies the truth of each and every allegation contained in paragraphs numbered "32", "33", "34", "35", and "36" of the Complaint.

## AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION

15.   Answering paragraph number "37" of plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial and admission contained in paragraphs "1" through "12" with the same force and effect as if fully set forth at length herein.

16.   Denies the truth of each and every allegation contained in paragraphs numbered "38" and "39" of the Complaint.

## AS AND FOR AN ANSWER TO THE SEVENTH CAUSE OF ACTION

17.   Answering paragraph  number "40" of plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial and admission contained in paragraphs "1" through "14" with the same force and effect as if fully set forth at length herein.

18.  Denies the truth of each and every allegation contained in paragraphs numbered "41" and "42" of the Complaint.

## AS AND FOR AN ANSWER TO THE EIGHTH CAUSE OF ACTION

19.  Answering paragraph number "43" of plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial and admission contained in paragraphs "1" through "16" with the same force and effect as if fully set forth at length herein.

20.  Denies the truth of each and every allegation contained in paragraph number "44" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

If Plaintiffs fail to appear for a hearing pursuant to General Municipal Law 50-H Defendants preserve their right to move to strike all state law claims should be dismissed.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's constitutional and statutory rights were not violated by the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the answering defendants are frivolous.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendants acted in good faith and without the intent to violate plaintiff's civil rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

If the plaintiff sustained damages as alleged in the complaint, which is expressly denied by these answering defendants, then, such damages were caused in whole or in part by the culpable conduct of the plaintiff. The amount of damages otherwise recoverable, if any, shall therefore be diminished in the proportion that said culpable conduct attributable to plaintiff bears to the culpable conduct that caused such injuries.

## AS AND FOR SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages against the Defendants since the conduct alleged did not rise to the level of morally culpable conduct that would support such a claim.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Any and all officers named in this suit are protected from suit by the doctrine of qualified immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Any and all officers named in this suit are protected from suit by the doctrine of absolute immunity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The City of Mount Vernon cannot be held liable based on respondent superior for the alleged violations of plaintiff's civil rights.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The actions of the defendants were justified under the circumstances.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The Defendants acted pursuant to the fellow-officer rule and are thus free from liability in this matter.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The Officers herein engaged in a search pursuant to a valid search warrant and are thereby not liable.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The affidavits supporting the search warrant were complete and thorough and provided probable cause.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The officers had probable cause to search and seize the Plaintiffs.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The officers had arguable probable cause.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The officers determined that there was a fair probability that contraband and weapons or evidence of a crime would be found at the location in question so they had legal authority to enter the Plaintiff's premises, to search the premises and secure the premises.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

The warrant granted to the officers was issued on probable cause and was not the result of fraud, perjury or suppression of evidence by the police, and for this reason the Defendants are not liable.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

The Defendants did not have a conspiratorial agreement with any other entity against the Plaintiff.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

There is no evidence in the record from which one could draw an inference of conspiracy.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

There is no policy, custom in the City of Mount Vernon which caused a violation of the Plaintiff's constitutional rights, thus Plaintiff is not entitled to any relief under any Monell claims.

**WHEREFORE,** Defendants, CITY OF MOUNT VERNON, THE MOUNT VERNON POLICE DEPARTMENT and POLICE OFFICERS "JOHN DOE", "RICHARD ROE", fictitious names, true names unknown, demand judgment dismissing the Complaint together with such other and further relief as this Court deems just and proper.

Dated: Mount Vernon, New York
      January 11, 2008

Yours, etc.,

Office of the Corporation Counsel
Attorney for Defendant
The City of Mount Vernon
Office and PO Address
One Roosevelt Square
Mount Vernon, New York 10550

By:    NICHELLE A. JOHNSON
      NAJ7688
      Assistant Corporation Counsel

To:    DELL & LITTLE LLP
      1274 REXCORP PLAZA
      UNIONDALE, NEW YORK 11556

**STATE OF NEW YORK, COUNTY OF WESTCHESTER**
**CITY OF MOUNT VERNON**              **ss.:**

I, the undersigned, am an attorney admitted to practice in the courts of New York State, and

☐   Certification by       certify that the annexed
     Attorney               has been compared by me with the original and found to be a true and complete copy thereof.

☐   Attorney's            say that: I am the attorney of record or of counsel with the attorney(s) of record, for
     Affirmation                                                          I have read the annexed
                            know the contents thereof and the same are true to my knowledge, except those matters
                            therein which are stated to be alleged on information and belief, and as to those matters
                            I believe them to be true. My belief, as to those matters therein not stated upon knowledge,
                            is based upon the following:

The reason I make this affirmation instead of                          is

I affirm that the foregoing statements are true under penalties of perjury.

Dated:
                                                    _____
                                                    (The name signed must be printed beneath)
                                                    **NICHELLE A.  JOHNSON**

**STATE OF NEW YORK, COUNTY OF WESTCHESTER**
**CITY OF MOUNT VERNON**              **ss.:**

                                     being sworn says: I am

☐   Individual            in the action herein; I have read the annexed
     Verification          know the contents thereof and the same are true to my knowledge, except those matters
                            therein which are stated to be alleged on information and belief, and as to those matters I believe
                            them to be true.

■   Corporate             the          of the City of Mount Vernon a municipal corporation, one of the parties to the
     Verification          action; I have read the annexed **Verified Answer**
                            know the contents thereof and the same are true to my
                            knowledge, except those matters therein which are stated to be alleged on information
                            and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following: - Information, records and
documents in the possession of officials, Boards, or Departments of the City of Mount Vernon, and from conversations
had with said officials.

Sworn before me on January 14, 2008           _____
                                                    **NICHELLE A.  JOHNSON**

**STATE OF NEW YORK, COUNTY OF WESTCHESTER**
**CITY OF MOUNT VERNON**              **ss.:**

          Cherylnn G. Puma being sworn says: I am not a party to the action, am over 18 years of age and reside at Mount
Vernon, New York

■   Service By            On January 14, 2008 I served a true copy of the annexed **Verified Answer**
     Mail                  in the following manner:
☐   Personal              by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or
     Service               official depository of the U.S. Postal Service within the State of New York, addressed to the
                            last known address of the addressee(s) as indicated below:

                            by delivering the same personally to the person and at the addresses indicated below:

     **To:**

     **DELL & LITTLE LLP**
     Attorney for Plaintiff
     1274 Rexcorp Plaza
     Uniondale, New York 11556
     (516) 294-5814

Sworn to before me January 14, 2008                          _____
                                                                       Cherylnn G. Puma

**EXHIBIT "A"**
**DOCKET NO. 08CV00083**
**ROSLEE HAMILTON**
**SUMMONS AND VERIFIED COMPLAINT**

25216-07
12-12-07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

Index No.:

-------------------------------------------------------------------X

ROSLEE HAMILTON, an infant under the age of 14 years by her father and natural guardian FABIAN McCALLA and FABIAN McCALLA,

          Plaintiff(s),

      -against-

CITY OF MOUNT VERNON , THE MOUNT VERNON POLICE DEPARTMENT and POLICE OFFICERS "JOHN DOE", "RICHARD ROE", fictitious names, true names unknown,

          Defendant(s).

-------------------------------------------------------------------X

Plaintiff designates
Westchester County as
the place of trial.

The basis of venue is:
Place of Occurrence

**SUMMONS**

Plaintiffs reside at:
58 South 14th Avenue
Mt. Vernon, New York
10550

County of Westchester

## To the above named Defendants:

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:       Uniondale, NY
              12-5-07

                         DELL & LITTLE, LLP
                         Attorneys for Plaintiff(s)
                         By:
                         JOSEPH G. DELL
                         1274 RexCorp Plaza
                         Uniondale, NY 11556
                         (516) 294-5814

                         if 3rd needed
                         call above

TO:   CITY OF MOUNT VERNON
      Room 104

FILED
CITY CLERK
MOUNT VERNON N.Y.
2007 DEC 19 A 9 33

City Hall
One Roosevelt Square
Mt. Vernon, New York 10550

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------X
ROSLEE HAMILTON, an infant under the age of 14          Index No.:
years by her father and natural guardian FABIAN
McCALLA and FABIAN McCALLA,                             **VERIFIED COMPLAINT**

            Plaintiff(s),

       -against-

CITY OF MOUNT VERNON , THE MOUNT VERNON
POLICE DEPARTMENT and POLICE OFFICERS
"JOHN DOE", "RICHARD ROE", fictitious names, true
names unknown,

           Defendant(s).


-------------------------------------------------------------X

      Plaintiffs, by their attorneys, **DELL & LITTLE, LLP**, complaining of the Defendants,

respectfully alleges, upon information and belief, as follows:


### AS AND FOR A FIRST CAUSE OF ACTION

    1.    At all times herein mentioned, Plaintiffs were, at the time of the incident, residents

of the County of Westchester, State of New York.

    2.    That on December 15, 2006, and at all times mentioned herein, Defendant **CITY OF**

**MOUNT VERNON** was and is a municipal corporation duly organized and existing under and by

virtue of the laws of the City and State of New York.

    3.    That on December 15, 2006, and at all times mentioned herein, Defendant **CITY**

**OF MOUNT VERNON POLICE DEPARTMENT** was and is a municipal corporation or other legal entity duly organized and existing under and by virtue of the General Municipal Laws of the City and State of New York.

4.       That prior hereto, on January 18, 2007, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiffs' demands for adjustment thereof was duly served on the Plaintiffs' behalf on the Defendants and that thereafter said Defendants refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

5.       That  pursuant to General Municipal Law 50(h), a hearing has not been held.

6.       That this action is being commenced within one year and ninety days after accrual of this cause of action, or within the time allowed by law.

7       That on December 15, 2006, and at all times mentioned herein, there existed a premises located at 58 South 14th Avenue, Mt. Vernon, County of Westchester, State of New York, wherein the Plaintiffs resided.

8.       That on, December 15, 2006 and at all times mentioned herein, Defendant **CITY OF MOUNT VERNON POLICE DEPARTMENT** was acting as an agent of the **CITY OF MOUNT VERNON.**

9.       That on, December 15, 2006 the Plaintiffs **ROSLEE HAMILTON**, an infant and Plaintiff, **FABIAN McCALLA** were lawfully present in their residence at the aforementioned premises.

2

10.    That on December 15, 2006, while Plaintiffs were lawfully present at the aforesaid location, they was caused to be severely injured and traumatized when members of the **CITY OF MOUNT VERNON POLICE DEPARTMENT** physically assaulted, falsely arrested, racially discriminated against and detained Plaintiffs after breaking down their apartment doors and ransacking their residence.

11.    At all times hereinafter mentioned, Defendants, were under the duty to train, supervise, control and employ their employees in a reasonably prudent and careful manner and that the Defendants had a duty to protect and keep safe all persons and the defendants breached that duty by participating and assisting in the negligent, reckless, careless and intentional, harmful, racially discriminatory and offensive contact with the person of the Plaintiffs; in assaulting and  falsely arresting and detaining Plaintiffs, in failing to prevent the activities that caused Plaintiffs to be assaulted, arrested and detained; and in participating and assisting in the negligent, reckless, careless and intentional, harmful, offensive contact with the persons of the Plaintiffs and their place of residence.

12.    That the incidents and damages alleged in this action resulted from the negligence and carelessness of the Defendants, in the training, supervision, and management of the police officers under their control at the time of the incident.

13.    That the aforementioned incident was wrongful, unjustifiable and unlawful and without any fault or negligence on the part of the Plaintiffs.

14.    That as a result of the foregoing, Plaintiffs were caused serious and catastrophic personal and traumatic injuries and have been otherwise injured.

15.    That the aforesaid occurrence, and the results thereof, were in no way caused by

3

any carelessness or negligence on the part of the Plaintiffs, but were due solely and wholly to the joint, several and/or concurrent negligence of the Defendants, their agents, servants, employees and/or licensees in wrongfully and unlawfully causing, allowing and/or permitting said assault on the Plaintiffs; and in being otherwise careless, reckless and negligent.

16.    That Defendants were careless, reckless and grossly negligent in the operation, management, maintenance, supervision, use and control of the aforesaid police officer and the Defendants were otherwise negligent, careless, reckless, negligent and grossly negligent in the premises.

17.    That as a result of the foregoing, the Plaintiffs were caused to sustain severe and permanent injuries, have suffered and will continue to suffer great pain, shock, trauma and mental anguish, have incurred, and will continue to incur, expenses for medical care and treatment, and was, and will continue to be, unable to attend to their normal duties and pursuits with a resultant loss thereby.

18.    By reason of the foregoing, Plaintiff have been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein.

## AS AND FOR A SECOND CAUSE OF ACTION
## AS TO 42 U.S.C. §1983 CONSPIRACY

19.    Paragraphs 1 through 18 are incorporated by reference as through fully set forth.

20.    The individual Defendants, under color of law, conspired with each other, reached a mutual understanding, and acted to undertake a course of conduct to injure, oppress, threaten and intimidate Plaintiffs in the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to them by the Constitution, including the rights: to be free from the

4

intentional use of unreasonable force; to be free from cruel and unusual punishment as one in the custody of the Defendants; to have access to and seek redress in the Courts; and to be free from the delay and denial of medical attention; to be free from unnecessary and wanton infliction of pain; and to not be deprived of life without due process of law.

21.    It was part of the conspiracy that the Defendant **CITY OF MOUNT VERNON** aided by the Defendant, **CITY OF MOUNT VERNON POLICE DEPARTMENT**, did, among other acts, physically abuse the Plaintiffs, causing serious, traumatic injuries.

22.    As a direct and proximate result, Plaintiffs suffered the traumatic injuries and damages described above.

### AS AND FOR A THIRD CAUSE OF ACTION
### AS TO 42 U.S.C. §1983 UNREASONABLE & EXCESSIVE FORCE & CRUEL & UNUSUAL PUNISHMENT

23.    Paragraphs 1 through 22 are incorporated by reference as through fully set forth.

24.    By their conduct, Defendants' deputies and non-uniform personnel and supervisory personnel, under color of law, deprived Plaintiffs of their constitutional right to be free from excessive and unreasonable force.

25.    By their conduct and under color of law, Defendants' deputies and non-uniform personnel and supervisory and supervisory personnel, deprived Plaintiffs of their constitutional right to be free from cruel and unusual punishment as persons in their custody.

26.    As a direct and proximate result, Plaintiffs suffered the traumatic injuries and damages described above.

5

## AS AND FOR A FOURTH CAUSE OF ACTION
## AS TO 42 U.S.C. §1983 FIRST, FOURTH, FIFTH, NINTH, FOURTEENTH
## AMENDMENTS & PRIVACY VIOLATIONS

27.     Paragraphs 1 through 26 are incorporated by reference as through fully set forth.

28.     By their conduct and under color of law, Defendants' deputies and non-uniform personnel and supervisory and supervisory personnel, deprived Plaintiffs of their First, Amendment right to have access to and seek redress in the courts.

29.     The Defendants' conduct interfered with the federally protected liberty and privacy interest of the Plaintiffs to maintain a stable family relationship free of intervention from the State.

30.     As a direct and proximate result, Plaintiffs suffered the traumatic injuries and damages described above.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AS TO 42 U.S.C. §1983 - MONELL CLAIM

31.     Paragraphs 1 through 30 are incorporated by reference as through fully set forth.

32.     Prior to December 15, 2006, Defendants, **CITY OF MOUNT VERNON POLICE DEPARTMENT** and **CITY OF MOUNT VERNON**, developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of Plaintiffs' rights.

33.     Prior to December 15, 2006, Defendants, **CITY OF MOUNT VERNON POLICE DEPARTMENT** and **CITY OF MOUNT VERNON**, maintained polices and procedures that encouraged the practice of using excessive force.

34.     The Defendants, **CITY OF MOUNT VERNON POLICE DEPARTMENT** and

6

**CITY OF MOUNT VERNON**, have been deliberately indifferent to the need for more or different training, rules and regulations to prevent the use of excessive force.

35.    Acts of excessive force against Plaintiffs in Defendants' care and custody were tolerated by the Defendants who substantially failed to investigate, deliberate and discipline appropriately personnel who engaged in such conduct.

36.    The Defendants, prior to and at the time of this incident, were aware of the need for more or different training, rules, regulations, investigation and discipline relating to Defendants' deputies and non-uniform personnel and supervisors.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AS TO PENDENT CLAIM FOR GROSS NEGLIGENCE & NEGLIGENCE

37.    Paragraphs 1 through 36 are incorporated by reference as through fully set forth.

38.    By reason of the foregoing, Defendants are liable to Plaintiffs for negligent and grossly negligent screening, hiring, training, discipline and retention of Defendants' deputies and non-uniform personnel and supervisory personnel.

39.    As a consequence, Plaintiffs suffered damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AS TO PENDENT CLAIMS OF INTENTIONAL & NEGLIGENT
## INFLICTION OF EMOTIONAL DISTRESS

40.    Paragraphs 1 through 39 are incorporated by reference as through fully set forth.

41.    By causing Plaintiffs to suffer severe and serious physical and mental injuries,

7

Defendants' deputies and non-uniform personnel and supervisory personnel, embarked on a malicious, willful and grossly negligent course of conduct intended to cause Plaintiffs to suffer extreme mental and emotional distress, agony and anxiety.

42.     The aforesaid acts of intentional and reckless infliction of emotional and mental distress by Defendants constitute misconduct of an egregious nature that exceeds all bounds usually tolerated by a civilized society.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## AS TO PENDENT CLAIM OF PRIMA FACIE TORT

43.     Paragraphs 1 through 42 are incorporated by reference as through fully set forth.

44.     By their actions, et forth above, Defendants' deputies and non-uniform personnel and supervisory personnel, inflicted harm upon Plaintiffs without excuse or justification, out of disinterested malevolence.

**WHEREFORE**, Plaintiffs pray for judgment against the defendants on all Causes of Action in amounts which exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein, together with the costs and disbursements of this action.

Dated: Uniondale, New York
         _____12 - 5 - _____, 2007

Yours, etc.,

DELL & LITTLE, LLP
Attorneys for Plaintiff(s)
By:_____
JOSEPH G. DELL
1274 RexCorp Plaza

8

Uniondale, NY 11556
(516) 294-5814

## ATTORNEY'S VERIFICATION

**JOSEPH G. DELL,** an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at **DELL & LITTLE, LLP,** attorneys of record for Plaintiff(s),

I have read the annexed

## COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff(s) is that Plaintiff(s) is/are not presently in the county wherein the attorneys for the plaintiff(s) maintain their offices.

DATED:     Uniondale, NY
_____12-5-_____, 2007

_____
JOSEPH G. DELL

10

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

ROSLEE HAMILTON, an infant under the age of 14 years by her father and natural
guardian FABIAN McCALLA and FABIAN McCALLA,

                Plaintiff(s),

           -against-

CITY OF MOUNT VERNON , THE MOUNT VERNON
POLICE DEPARTMENT and POLICE OFFICERS
"JOHN DOE", "RICHARD ROE", fictitious names, true names unknown,

                Defendant(s).

## SUMMONS & COMPLAINT

### DELL & LITTLE, LLP
*Attorneys for Plaintiff(s)*
**1274 RexCorp Plaza**
**Uniondale, New York 11556**
**(516) 294-5814**

TO:

# ANSWER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ROSLEE HAMILTON, an infant under the age of 14 years
by her father and natural guardian FABIAN McCALLA and
FABIAN McCALLA,

                        Plaintiff(s),                    Index No. 08-CIV-00083

        -against-                                         ANSWER

CITY OF MOUNT VERNON, THE MOUNT VERNON      (WCC)(MDF)
POLICE DEPARTMENT and POLICE OFFICERS
"JOHN DOE", "RICHARD ROE", fictitious names, true
names unknown,

                        Defendant(s).
-----------------------------------------------------------------------X

        Defendants, by the Office of the Corporation Counsel, HELEN M.

BLACKWOOD answering the Complaint of Plaintiff alleges, upon information and

belief:

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

        1.      Denies knowledge or information sufficient to form a belief as to the truth

of each and every allegation contained in paragraph number "1" of the Complaint.

        2.      Admits the allegations contained in paragraphs numbered "2", "3",

        3.      Denies the truth of each and every allegation contained in paragraphs "4",

"5" and "6" of the Complaint except admits that a document purporting to be a notice of

claim was filed with the City and that the City has not made any adjustment to the

Plaintiff and states that at this time the 50-H has not been completed but has been

duly requested.

        4.      Denies the truth of each and every allegation contained in paragraph

number "7" and "9" of the Complaint except admits that there was a premises within

the City of Mount Vernon located at 58 South 14th Avenue and that Plaintiffs were present there on December 15, 2006.

5.    Denies the truth of each and every allegation contained in paragraph number "8" of the Complaint and refers all questions of law to the Court.

6.    Denies the truth of each and every allegation contained in paragraphs numbered "10, "11","12","13", "14", "15", "16", "17" and "18" of the Complaint.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

7.    Answering paragraph number "19" of plaintiff's Verified Complaint, Defendants repeats, reiterates and realleges each and every denial and admission contained in paragraphs numbered "1" through "6" with the same force and effect as if fully set forth at length herein.

8.    Denies the truth of each and every allegation contained in paragraphs numbered "20", "21" and "22" of the Complaint.

### AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

9.    Answering paragraph number "23" of plaintiff's Verified Complaint, Defendants repeats, reiterates and realleges each and every denial and admission contained in paragraphs numbered "1" through "6" with the same force and effect as if fully set forth at length herein.

10.    Denies the truth of each and every allegation contained in paragraphs numbered "24", "25" and "26" of the Complaint.

### AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

11.    Answering paragraph number "27" of plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial and admission

contained in paragraphs "1" through "8" with the same force and effect as if fully set forth at length herein.

12.  Denies the truth of each and every allegation contained in paragraphs numbered "28", "29" and "30" of the Complaint.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

13.  Answering paragraph number "31" of plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial and admission contained in paragraphs "1" through "10" with the same force and effect as if fully set forth at length herein.

14.  Denies the truth of each and every allegation contained in paragraphs numbered "32", "33", "34", "35", and "36" of the Complaint.

## AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION

15.  Answering paragraph number "37" of plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial and admission contained in paragraphs "1" through "12" with the same force and effect as if fully set forth at length herein.

16.  Denies the truth of each and every allegation contained in paragraphs numbered "38" and "39" of the Complaint.

## AS AND FOR AN ANSWER TO THE SEVENTH CAUSE OF ACTION

17.  Answering paragraph  number "40" of plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial and admission contained in paragraphs "1" through "14" with the same force and effect as if fully set forth at length herein.

18.   Denies the truth of each and every allegation contained in paragraphs numbered "41"and "42" of the Complaint.

### AS AND FOR AN ANSWER TO THE EIGHTH CAUSE OF ACTION

19.   Answering paragraph number "43" of plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial and admission contained in paragraphs "1" through "16" with the same force and effect as if fully set forth at length herein.

20.   Denies the truth of each and every allegation contained in paragraph number "44" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

If Plaintiffs fail to appear for a hearing pursuant to General Municipal Law 50-H Defendants preserve their right to move to strike all state law claims should be dismissed.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's constitutional and statutory rights were not violated by the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the answering defendants are frivolous.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendants acted in good faith and without the intent to violate plaintiff's civil rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

If the plaintiff sustained damages as alleged in the complaint, which is expressly denied by these answering defendants, then, such damages were caused in whole or in part by the culpable conduct of the plaintiff. The amount of damages otherwise recoverable, if any, shall therefore be diminished in the proportion that said culpable conduct attributable to plaintiff bears to the culpable conduct that caused such injuries.

## AS AND FOR SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages against the Defendants since the conduct alleged did not rise to the level of morally culpable conduct that would support such a claim.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Any and all officers named in this suit are protected from suit by the doctrine of qualified immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Any and all officers named in this suit are protected from suit by the doctrine of absolute immunity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The City of Mount Vernon cannot be held liable based on respondent superior for the alleged violations of plaintiff's civil rights.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The actions of the defendants were justified under the circumstances.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The Defendants acted pursuant to the fellow-officer rule and are thus free from liability in this matter.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The Officers herein engaged in a search pursuant to a valid search warrant and are thereby not liable.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The affidavits supporting the search warrant were complete and thorough and provided probable cause.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The officers had probable cause to search and seize the Plaintiffs.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The officers had arguable probable cause.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The officers determined that there was a fair probability that contraband and weapons or evidence of a crime would be found at the location in question so they had legal authority to enter the Plaintiff's premises, to search the premises and secure the premises.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

The warrant granted to the officers was issued on probable cause and was not the result of fraud, perjury or suppression of evidence by the police, and for this reason the Defendants are not liable.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

The Defendants did not have a conspiratorial agreement with any other entity against the Plaintiff.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

There is no evidence in the record from which one could draw an inference of conspiracy.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

There is no policy, custom in the City of Mount Vernon which caused a violation of the Plaintiff's constitutional rights, thus Plaintiff is not entitled to any relief under any Monell claims.

**WHEREFORE,** Defendants, CITY OF MOUNT VERNON, THE MOUNT VERNON POLICE DEPARTMENT and POLICE OFFICERS "JOHN DOE", "RICHARD ROE", fictitious names, true names unknown, demand judgment dismissing the Complaint together with such other and further relief as this Court deems just and proper.

Dated: Mount Vernon, New York
      January 11, 2008

                                Yours, etc.,

                                Office of the Corporation Counsel
                                Attorney for Defendant
                                The City of Mount Vernon
                                Office and PO Address
                                One Roosevelt Square
                                Mount Vernon, New York 10550

                                By:    NICHELLE A.  JOHNSON
                                     NAJ7688
                                   Assistant Corporation Counsel

To:    DELL & LITTLE LLP
        1274 REXCORP PLAZA
        UNIONDALE, NEW YORK 11556